UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRAXTON LAMAR ROUSELL | CIVIL ACTION |
| VERSUS | NUMBER: 17-1581 |
| P. BLANCHARD, DEPUTY (JPSO), (JPCC); ET AL. | SECTION: "I"(5) |

# REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Braxton Lamar Rousell, against Defendants, Jefferson Parish Sheriff Newell Normand and Correctional Administrator/Deputy Chief Sue Ellen Monfra, Captain C. Carter, Lieutenant Bryant, Sergeant K. Kline, and Deputies P. Blanchard and Bonvillain of the Jefferson Parish Correctional Center ("JPCC"). (Rec. doc. 5, pp. 1, 4). Plaintiff, an inmate of JPCC at the time that suit was filed, complains about what appears to have been a one-day interruption in the processing of outgoing mail from certain pod locations within that jail facility. (*Id.* at pp. 2-4). Plaintiff seeks an unspecified amount of compensation and a complete overhaul of the mail delivery system at JPCC. (*Id.* at p. 5).

As noted above, Plaintiff has initiated this suit IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 4). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge

that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff gives no indication in his complaint of the capacity(ies) in which the named Defendants were sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the Defendants in their official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Construing Plaintiff's allegations as having been made against the Defendants in their individual capacity, Plaintiff fares no better. Although Plaintiff identifies the Sheriff and six other correctional officials as Defendants on pages one and four of his complaint, the factual

allegations that he presents fail to specifically illustrate each of those Defendants' participation in the alleged wrong, a necessary requirement in a civil rights cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). "To state a cause of action under §1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, <u>specifying</u> <u>the</u> <u>personal</u> <u>involvement</u> <u>of</u> <u>each</u> <u>defendant</u>." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(emphasis added)(citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Moreover, supervisory officials like the Sheriff and Correctional Administrator/Deputy Chief Monfra cannot be held liable for civil-rights violations allegedly committed by their associates based on a theory of strict or vicarious liability. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985).

Simply put, the allegations presented in Plaintiff's complaint are insufficient to establish liability on the part of the named Defendants in either their official or individual capacities. Even if that were not the case, the Court would nevertheless recommend that Plaintiff's complaint be dismissed as frivolous and for failing to state a claim under §1915(e)(2)(B)(i) and (ii) for the following reasons. First, Plaintiff does not allege that the temporary cessation in the processing of his mail was intentional and mere negligence in the transmission or even loss of a prisoner's mail is not actionable under §1983. *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988). Second, absent an allegation that Plaintiff's mail was censored or that his position as a litigant was in fact prejudiced by the delay in the processing of his mail, he has failed to state a claim upon which relief can be granted under §1983. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Turning to the specific species of relief sought by Plaintiff, as he makes no showing of having suffered a physical injury while he was housed at JPCC, his request for compensatory damages is not tenable here as damages

for mental or emotional injury suffered while in custody are not recoverable under §1983. 42 U.S.C. §1997e(e); *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001). And as Plaintiff is apparently no longer housed at JPCC (*see* rec. doc. 6), any arguable claim for injunctive relief respecting the upgrading of mail delivery services at JPCC is moot. *Burge v. Dunn*, 68 465 (5th Cir. 1995)(table)(citing *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990)).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this 23rd day of May, 2017.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4